## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER KNOTT as Administrator of the Estate of APRIL KNOTT, deceased, | : | CASE NO.:1:25-cv-01893-JPW |
| | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| STANTON E. SOLLENBERGER, D.O., THE CHAMBERSBURG HOSPITAL d/b/a WELLSPAN CHAMBERSBURG HOSPITAL, WELLSPAN HEALTH, AND WELLSPAN MEDICAL GROUP, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| *Defendants* | : | |

**DEFENDANTS, STANTON E. SOLLENBERGER, D.O.,
THE CHAMBERSBURG HOSPITAL D/B/A WELLSPAN
CHAMBERSBURG HOSPITAL, WELLSPAN HEALTH,
AND WELLSPAN MEDICAL GROUP'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW, come Defendants, Stanton E. Sollenberger, D.O. ("Dr. Sollenberger"), The Chambersburg Hospital d/b/a WellSpan Chambersburg Hospital ("Chambersburg Hospital"), WellSpan Health, and WellSpan Medical Group (collectively, "Defendants"), through their counsel, Saxton & Stump, to answer the Complaint of Plaintiff, Christopher Knott as Administrator of the Estate of April Knott, deceased ("Plaintiff), and aver the following in support thereof:

## ANSWER

### I.    NATURE OF ACTION

1.    Admitted in part and denied in part.  It is admitted only that Plaintiff is attempting to assert a professional liability claim against Defendants.  It is, however, specifically denied that the claims have any merit or that Defendants are liable to Plaintiff.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied, and strict proof is demanded at trial.

2.    Denied.  The averments of this paragraph contain medical and legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments are denied.  By way of further response, the care and treatment provided by Defendants was within standard and not the factual cause of any injuries or damages.

### II.    PARTIES

3. – 4.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs and the same are, therefore, denied.

5.    It is admitted that Dr. Sollenberger is a duly licensed physician, who practices medicine at Chambersburg Hospital, which has a business address at 112 North 7th Street, Chambersburg, PA 17201.

6.    Admitted upon information and belief.

7.    Denied.  The averments of this paragraph contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments are denied as stated.  By way of further response, the care and treatment provided by Dr. Sollenberger was within standard and not the factual cause of any injuries or damages.

8.    Admitted in part and denied in part.  It is admitted that Plaintiff is attempting to assert a professional liability claim against Dr. Sollenberger and filed a corresponding Certificate of Merit.  It is specifically denied that Dr. Sollenberger was negligent or is otherwise liable to Plaintiff on his claims.

9.    Admitted.

10. – 11.    Denied.   The averments of these paragraphs contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, it is specifically denied that Chambersburg Hospital's physicians, graduate medical trainees (interns, residents, and fellows), physician assistants, nurse practitioners, nurses, therapists, technicians, and other medical and ancillary staff, including Dr. Sollenberger, were negligent or are otherwise liable to Plaintiff on his claims.  To the contrary, at all relevant times, the care and treatment provided by Chambersburg Hospital's physicians, graduate medical trainees (interns, residents, and fellows), physician assistants, nurse practitioners, nurses, therapists, technicians, and other medical and ancillary staff, including

Dr. Sollenberger, was within standard and not the factual cause of any injuries or damages. By way of further response, the alleged liability of unidentified agents, apparent agents, ostensible agents, servants, and/or employees is specifically denied and remains at issue. It is specifically denied that Chambersburg Hospital employed Dr. Sollenberger. To the contrary, at all times relevant hereto, Dr. Sollenberger was employed by WellSpan Medical Group.

12.    Admitted in part and denied in part. It is admitted that Plaintiff is attempting to assert a professional liability claim against Chambersburg Hospital and filed a corresponding Certificate of Merit. It is specifically denied that Chambersburg Hospital was negligent or is otherwise liable to Plaintiff on his claims.

13.    Admitted in part and denied in part. It is admitted that, at all relevant times, WellSpan Health was a corporate entity licensed to do business in the Commonwealth of Pennsylvania, and has a principal place of business at 1001 S. George Street, York, PA 17405. It is denied that WellSpan Health is a medical provider as defined by the MCARE Act or that WellSpan Health employed any of the individuals named in the Complaint.

14. – 15.    Denied. The averments of these paragraphs contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, it is specifically denied that WellSpan Health was negligent or

is otherwise liable to Plaintiff on his claims. It is also denied that WellSpan Health employed any agents, servants, or employees, including any physicians, graduate medical trainees (interns, residents, and fellows), physician assistants, nurse practitioners, nurses, therapists, technicians, or other medical and ancillary staff. By way of further response, the alleged liability of unidentified agents, apparent agents, ostensible agents, servants, and/or employees is specifically denied and remains at issue. It is specifically denied that WellSpan Health employed Dr. Sollenberger. To the contrary, at all times relevant hereto, Dr. Sollenberger was employed by WellSpan Medical Group.

16.    Admitted in part and denied in part. It is admitted that Plaintiff is attempting to assert a professional liability claim against WellSpan Health and filed a corresponding Certificate of Merit. It is specifically denied that WellSpan Health was negligent or is otherwise liable to Plaintiff on his claims.

17.    Admitted in part and denied as stated. It is admitted that, at all relevant times, WellSpan Medical Group was a corporate entity licensed to do business in the Commonwealth of Pennsylvania with a registered office address at 45 Monument Road, Suite 200, York, Pennsylvania 17403.

18. – 19.    Denied. The averments of these paragraphs contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, it is specifically denied that WellSpan Medical Group's

physicians, graduate medical trainees (interns, residents, and fellows), physician assistants, nurse practitioners, nurses, therapists, technicians, or other medical and ancillary staff, including Dr. Sollenberger, were negligent or are otherwise liable to Plaintiff on his claims. To the contrary, at all relevant times, the care and treatment provided by WellSpan Medical Group's physicians, graduate medical trainees (interns, residents, and fellows), physician assistants, nurse practitioners, nurses, therapists, technicians, and other medical and ancillary staff, including Dr. Sollenberger, was within standard and not the factual cause of any injuries or damages. By way of further response, the alleged liability of unidentified agents, apparent agents, ostensible agents, servants, and/or employees is specifically denied and remains at issue.

20.    Admitted in part and denied in part. It is admitted that Plaintiff is attempting to assert a professional liability claim against WellSpan Medical Group and filed a corresponding Certificate of Merit. It is specifically denied that WellSpan Medical Group was negligent or is otherwise liable to Plaintiff on his claims.

21. – 30.    Denied. The averments of these paragraphs contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the averments against Defendants are specifically denied. By way of further response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual

6

cause of Plaintiff's alleged injuries.  To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care.  By way of further response, the alleged liability of unidentified agents, apparent agents, ostensible agents, servants, and/or employees is specifically denied and remains at issue.

### III.    JURISDICTION AND VENUE

31. – 32.    Denied.   The averments of these paragraphs contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments are denied as stated.  By way of further response, 28 U.S.C. § 1332 is a federal statute which, being in writing, speaks for itself.

33.    Admitted.

34.    The averments of this paragraph contain legal conclusions to which no responsive pleading is required.

### IV.    OPERATIVE FACTS COMMON TO ALL COUNTS

35. – 49.   Denied as stated.  The averments of these paragraphs appear to reference medical records which, being in writing, speak for themselves.  To the extent Plaintiff accurately references the records, the averments are admitted in so far as the records reflect Plaintiff's averments.  To the extent Plaintiff misinterprets, mischaracterizes, or misstates the content of the records, the averments are denied. Furthermore, the averments of these paragraphs contain legal conclusions to which

no responsive pleading is required.  By way of additional response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries.  To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

50. – 51.    Denied.    The averments of these paragraphs contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, it is specifically denied that Dr. Sollenberger was negligent in any way or that his actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries.  To the contrary, at all relevant times, the care and treatment rendered by Dr. Sollenberger was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

52.    Denied as stated.  The averments of this paragraph appear to reference medical records which, being in writing, speak for themselves.  To the extent Plaintiff accurately references the records, the averments are admitted in so far as the records reflect Plaintiff's averments.  To the extent Plaintiff misinterprets,

mischaracterizes, or misstates the content of the records, the averments are denied. Furthermore, the averments of this paragraph contain legal conclusions to which no responsive pleading is required. By way of additional response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries. To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages. All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

53.    Denied. The averments of this paragraph contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries. To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages. All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

54. – 57. Denied as stated. The averments of these paragraphs appear to reference medical records which, being in writing, speak for themselves. To the

extent Plaintiff accurately references the records, the averments are admitted in so far as the records reflect Plaintiff's averments. To the extent Plaintiff misinterprets, mischaracterizes, or misstates the content of the records, the averments are denied. Furthermore, the averments of these paragraphs contain legal conclusions to which no responsive pleading is required. By way of additional response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries. To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages. All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

58.     Denied. The averments of this paragraph contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the averments against Defendants are specifically denied. By way of further response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries. To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages. All allegations

of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

59. – 86.  Denied as stated.  The averments of these paragraphs appear to reference medical records which, being in writing, speak for themselves.  To the extent Plaintiff accurately references the records, the averments are admitted in so far as the records reflect Plaintiff's averments.  To the extent Plaintiff misinterprets, mischaracterizes, or misstates the content of the records, the averments are denied.  Furthermore, the averments of these paragraphs contain legal conclusions to which no responsive pleading is required.  By way of additional response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries.  To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

87.    Denied.  The averments of this paragraph contain medical and legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments against Defendants are specifically denied.  By way of additional response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual

cause of Plaintiff's alleged injuries. To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages. All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

88. – 94. Denied. The averments of these paragraphs contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the averments against Defendants are specifically denied. By way of additional response, it is specifically denied that Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries. To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages. All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

## V.    **DAMAGES**

95. – 96. Denied. The averments of these paragraphs and subparagraphs contain legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the averments are denied. By way of additional response, it is specifically denied that Defendants were negligent in any way or that

their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries.  To the contrary, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

## COUNT ONE – NEGLIGENCE

**Plaintiff, Christoper Knott as Administrator of the Estate of April Knott, deceased v. Defendant, Stanton E. Sollenberger, D.O.**

97.    This paragraph is one of incorporation to which no responsive pleading is required.

98.    Denied.  The averments of this paragraph and subparagraphs contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments are specifically denied.  By way of additional response, it is specifically denied that Dr. Sollenberger was negligent in any way or that his actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries.  To the contrary, at all relevant times, the care and treatment rendered by Dr. Sollenberger was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

WHEREFORE, Defendants request judgment be entered in their favor and against Plaintiff with costs assessed to Plaintiff.

## COUNT TWO – NEGLIGENCE (VICARIOUS LIABILITY)

**Plaintiff, Christopher Knott as Administrator of the Estate of April Knott, deceased v. Defendant, The Chambersburg Hospital d/b/a WellSpan Chambersburg Hospital, WellSpan Health, and WellSpan Medical Group ("WellSpan Defendants")**

99.     This paragraph is one of incorporation to which no responsive pleading is required.

100. – 102.  Denied.  The averments of these paragraphs, and subparagraphs, contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed required, the averments are specifically denied.  By way of additional response, it is specifically denied that the WellSpan Defendants were negligent in any way or that their actions, including care and treatment rendered, were a factual cause of Plaintiff's alleged injuries.  To the contrary, at all relevant times, the care and treatment rendered by WellSpan Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

WHEREFORE, Defendants request judgment be entered in their favor and against Plaintiff with costs assessed to Plaintiff.

## COUNT THREE – CORPORATE NEGLIGENCE

**Plaintiff, Christopher Knott as Administrator of the Estate of April Knott, deceased v. Defendant, The Chambersburg Hospital d/b/a WellSpan Chambersburg Hospital and WellSpan Health ("Corporate Defendants")**

103.   This paragraph is one of incorporation to which no responsive pleading is required.

104. – 113.   Denied.   The averments of these paragraphs and subparagraphs contain legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is further required, it is specifically denied that either Chambersburg Hospital or WellSpan Health acted negligently or are otherwise liable to Plaintiff on his claim.   All allegations of corporation negligence, causation, consequential injury, and damages are specifically denied.   By way of further response, at all relevant times, the care and treatment rendered by Defendants was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.   All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

WHEREFORE, Defendants request judgment be entered in their favor and against Plaintiff with costs assessed to Plaintiff.

## COUNT FOUR – WRONGFUL DEATH ACT

**Plaintiff, Christopher Knott as Administrator of the Estate of April Knott, deceased v. All Defendants**

114.    This paragraph is one of incorporation to which no responsive pleading is required.

115. – 122.  Denied.  The averments of these paragraphs are denied as legal and/or medical conclusions to which no response is required.  To the extent a responsive pleading is deemed required, it is specifically denied that Defendants breached the applicable standard of care, were negligent, or are otherwise liable to Plaintiffs.  To the contrary, at all relevant times, the care and treatment provided was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages.  All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

WHEREFORE, Defendants request judgment be entered in their favor and against Plaintiff with costs assessed to Plaintiff.

## COUNT FIVE – SURVIVAL ACT

**Plaintiff, Christopher Knott as Administrator of the Estate of April Knott, deceased v. All Defendants**

123.    This paragraph is one of incorporation to which no responsive pleading is required.

124. – 128.  Denied.  The averments of these paragraph are denied as legal and/or medical conclusions to which no response is required.  To the extent a

16

responsive pleading is deemed required, it is specifically denied that Defendants breached the applicable standard of care, were negligent, or are otherwise liable to Plaintiffs. To the contrary, at all relevant times, the care and treatment provided was commensurate with the applicable standard of care and not a factual cause of the alleged injuries and damages. All allegations of liability, causation, increased risk of harm, consequential harm, and damages are denied and remain at issue.

WHEREFORE, Defendants request judgment be entered in their favor and against Plaintiff with costs assessed to Plaintiff.

## DEMAND FOR JURY TRIAL

129. It is admitted that Plaintiff has demanded a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No conduct on the part of Defendants was a substantial factor or factual cause of the alleged injuries or damages of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations and/or statute of repose.

## SIXTH AFFIRAMTIVE DEFENSE

Plaintiff's claims are barred in whole or reduced in part by the application of the doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

## SEVENTH AFFIRAMTIVE DEFENSE

Any injuries or damages claimed by Plaintiff were caused by persons or entities other than Defendants and over whom Defendants had no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the MCARE Act or the Healthcare Services Malpractice Act, and Defendants hereby raise all affirmative defenses and other applicable provisions of both Acts.

## NINTH AFFIRMATIVE DEFENSE

Defendants raise all rights, immunities and damages presented in the Patient Protection and Affordable Care Act.

## TENTH AFFIRMATIVE DEFENSE

At all relevant times, the care and treatment provided by Defendants was commensurate with the applicable standard of care.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were the result of preexisting medical conditions, and/or causes beyond the control of Defendants, and/or were unavoidable.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent the evidence reveals that Defendants elected a treatment modality that is recognized as proper, but that may differ from another modality, the defense of the Two Schools of Thought Doctrine is hereby raised.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of consent.

## FOURTEENTH AFFIRAMTIVE DEFENSE

Plaintiff's claims, which are specifically denied, may be reduced and/or limited by any collateral source of compensation and/or benefit.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused by underlying medical condition(s), natural disease process, and/or non-negligent complications and/or side effects of appropriate treatment and therapies and not caused by any act or omission of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, may be the result of a superseding and/or intervening cause.

WHEREFORE, Defendants request judgment be entered in their favor and against Plaintiff with costs assessed to Plaintiff.

Respectfully submitted,

SAXTON & STUMP, LLC

Date:  December 9, 2025          By:
                                      Collin T. Keyser, Esquire
                                      Attorney I.D. No. 307505
                                      Kimberly A. Selemba, Esquire
                                      Attorney ID No. 93535
                                      280 Granite Run Drive, Suite 300
                                      Lancaster, PA  17601
                                      Phone:  (717) 556-1009
                                      Fax:  (717) 441-3810
                                      ctk@saxtonstump.com
                                      kas@saxtonstump.com

                                      *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANTS', STANTON E. SOLLENBERGER, D.O., THE CHAMBERSBURG HOSPITAL d/b/a WELLSPAN CHAMBERSBURG HOSPITAL, WELLSPAN HEALTH, AND WELLSPAN MEDICAL GROUP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, was transmitted via electronic mail to the individuals below and was filed electronically and is available for viewing and downloading on the Court's CM/ECF system on this day.

Derek R. Layser, Esquire
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
Dlayser@fsalaw.com
*Attorneys for Plaintiff*

SAXTON & STUMP, LLC

Date:  December 9, 2025          By:_____
                                         Collin T. Keyser, Esquire

## **VERIFICATION**

I, CHELSEA MULRINE, Associate Risk Manager for WellSpan Health, verify that I am authorized to make this Verification on behalf of The Chambersburg Hospital d/b/a WellSpan Chambersburg Hospital, WellSpan Health, and WellSpan Medical Group, Defendants in the within action. The attached DEFENDANTS', STANTON E. SOLLENBERGER, D.O., THE CHAMBERSBURG HOSPITAL d/b/a WELLSPAN CHAMBERSBURG HOSPITAL, WELLSPAN HEALTH, AND WELLSPAN MEDICAL GROUP, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT is based upon information that has been furnished to counsel in preparation for the defense of this lawsuit. The language in the document is that of counsel and not the undersigned. The undersigned has read the document. The facts set forth in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

Date: _December 4, 2025_        *Chelsea Mulrine*

                                                 Chelsea Mulrine

**VERIFICATION**

I, Stanton E. Sollenberger, D.O., a Defendant in the within action, verify that the attached

DEFENDANTS', STANTON E. SOLLENBERGER, D.O., THE CHAMBERSBURG

HOSPITAL d/b/a WELLSPAN CHAMBERSBURG HOSPITAL, WELLSPAN HEALTH, AND

WELLSPAN MEDICAL GROUP, ANSWER AND AFFIRMATIVE DEFENSES TO

PLAINTIFF'S COMPLAINT is based upon information that has been furnished to counsel in

preparation for the defense of this lawsuit. The language in the document is that of counsel and

not the undersigned. The undersigned has read the document. The facts set forth in the

foregoing document are true and correct to the best of my knowledge, information and belief. I

understand that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904,

relating to unsworn falsification to authorities.

Date: 12/3/2025

Stanton E. Sollenberger, D.O.